**E-FILED**
Monday, 02 July, 2012 10:37:13 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| EDWARD A. WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3148 |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, WARDEN ANDREW K.OTT, AND MAILROOM CLERKS, | ) ) ) ) | |
| | ) ) | |
| Defendants, | ) ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Graham Correctional Center, pursues claims arising from the alleged opening of his legal mail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to

1

state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at

555-56. However, *pro se* pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff alleges that he "continue[s] to receive legal mail that has been open[ed] and gone through, without being done so in my presence, including but not limited to a check that was taken out of a legally addressed envelope to myself with attorney at law return address . . . ." The check apparently represented Plaintiff's share of inheritance from his father's estate. The envelope was allegedly given to Plaintiff without the check enclosed. Plaintiff believes that mail room staff were intending to steal the funds until the attorney contacted the prison to inquire about the check. Plaintiff seeks an investigation into the "financial workings of Graham Correctional Center" and its legal mail processing procedures. He also seeks damages and a reduction in his sentence.

## ANALYSIS

Prison staff have the right to open prisoners' incoming mail for security reasons, for example to check for contraband and escape plans, but confidential legal mail should be opened in the presence of the inmate to ensure the mail is not read by the staff. Guajardo-Palma v. Martinson, 622 F.3d 801, 804 (7th Cir. 2010). Sporadic violations of this principle do not violate the Constitution, but repeated

3

violations are actionable. *See* Guarjardo-Palma v. Martinson, 622 F.3d 801, 805 (7th Cir. 2010); Antonelli v. Sheahan, 81 F.3d 1422, 1431-32 (7th Cir. 1996). "Legal mail" is generally mail from an inmate's attorney, not mail from a court or other public agency. *See* Guarjardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010)(opening of letters from courts and agencies outside of the plaintiff's presence did not state constitutional claim).

Plaintiff alleges that the opening of his confidential legal mail "continues," but he gives only one example. The Court cannot discern if any other mail was opened outside Plaintiff's presence which qualifies as confidential legal mail under the above standards. Additionally, Warden Ott is the only individual named, but he cannot be held liable for the constitutional violations of his subordinates. He must have personally participated in or approved of those violations. *See* Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); Johnson v. Snyder, 444 F.3d 579, 583-84 (7th Cir.2006)(liability

4

under § 1983 requires personal involvement).[1]  Additionally, the prison itself and the "People of the State of Illinois" cannot be sued under 42 U.S.C. § 1983.  In the context of this case, only individuals can be sued.  This Court also has no authority in this kind of case to order an investigation or to shorten Plaintiff's prison sentence.

In light of the above discussion, Plaintiff's Complaint will be dismissed, with leave to file an amended complaint that gives more factual detail about the incidents of opening his confidential legal mail outside of his presence.  Plaintiff should identify the approximate date of each incident, if possible, who the letter was from, the general subject matter of the letter, and whether the person sending the letter was Plaintiff's attorney or seeking to represent Plaintiff.

IT IS THEREFORE ORDERED:

1)  Plaintiff's complaint is dismissed, with leave to file an amended complaint.  Plaintiff's amended complaint is due July 27, 2012.  If Plaintiff does not file an amended complaint, this case will be dismissed, without prejudice.

2) The hearing scheduled for July 16, 2012 is cancelled as unnecessary.

---

[1] If Plaintiff does not know the individuals responsible, he may still sue Warden Ott and then seek identification of those individuals. through discovery requests to Warden Ott.

ENTERED: July 2, 2012

FOR THE COURT:

                                      **s/Sue E. Myerscough**
                                      SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE